CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY SLUSS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>S.W.R.J., )<br>    Defendant. ) | Civil Action No. 7:25-cv-00131<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Sluss, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) He alleges claims arising from his incarceration at the Southwest Virginia Regional Jail in Haysi. Sluss has not paid the filing fee.

Based on court records, at least three of Sluss's previous actions have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Sluss may not proceed with any more cases unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Sluss's complaint alleges that a fellow inmate defecated on himself and unnamed officers refused to clean up the mess. Also, the complaint alleges that plaintiff's medication was taken and not returned. Thus, the complaint fails to allege any imminent danger of serious physical injury. A litigant can meet the imminent-danger exception if a "pattern of past conduct" places him or her in "ongoing imminent danger of harm." *Holley v. Combs*, No. 22-6177 (4th Cir. Apr. 8, 2025) (citing *Newkirk v. Kiser*, 812 F. App'x 159, 160 (4th Cir. 2020)). Sluss's complaint is

---

[1] *See* Case Nos. 7:24-cv-697, 7:24-cv-705, 7:24-cv-735.

focused on past infractions and not any danger that is close at hand. Plaintiff alleges past conduct, but his allegations do not suggest or establish any pattern that places him in imminent danger.

The court also notes that plaintiff cannot sue a local jail, which is the only defendant named in the complaint, and to the extent that plaintiff is intending to sue the Southwest Virginia Regional Jail Authority, plaintiff has not cited any policy statement, ordinance, regulation, or official decision that resulted in the alleged violations. *See Greer v. Herron*, Civil Action No. 7:23-cv-00793, 2024 WL 923203, at *1 (W.D. Va. Mar. 4, 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 558 (1978)).

As Sluss has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," this matter is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to STRIKE this case from the court's active docket and to transmit a copy of this memorandum opinion and order to plaintiff.

Entered: May 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge